(C.D. 3178)

WILLIAM A. ROGERS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 30, 1967)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn, Earl R. Lidstrom* and *Joseph Schwartz* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Richard J. Kaplan, Harvey A. Isaacs,* and *Alfred A. Taylor, Jr.,* trial attorneys), for the defendant.

Before RAO and FORD, Judges, and DONLON, Senior Judge

DONLON, Judge: Plaintiff imported from West Germany merchandise conceded to be portable engine-driven blowers. The collector at Chicago classified the blowers as machines, not specially provided for, and assessed duty at 11½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

Plaintiff's protest claim is that the blowers are entitled to duty free entry as agricultural implements, pursuant to paragraph 1604.

The competing tariff provisions are as follows:

Paragraph 372 of the Tariff Act of 1930, as modified, *supra:*

Machines, finished or unfinished, not specially provided for:

   *      *      *      *      *      *      *

    Other (except * * *) _____ 11½% ad val.

Paragraph 1604 of the Tariff Act of 1930 [Free List]:

Agricultural implements: Plows, tooth or disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, cream separators valued at not more than $50 each, and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided,* That no article specified by name in Title I shall be free of duty under this paragraph.

Neither party has addressed either proofs or argument to the limiting *proviso* at the end of paragraph 1604. However, defendant rests its case solely on the argument that plaintiff has failed to show, by competent proofs, that the chief use of the blowers is as an agricultural implement. It is not necessary for us to decide whether the blowers at bar are an article that is specified by name in Title I, so as to require exemption from the free list, because we agree with defendant that plaintiff has not sustained its burden of proof as to agricultural use.

Classification of an article as an agricultural implement is dependent upon proof that its chief use commercially is in agriculture, that is, in the growth production of food or fiber for human subsistence. *United States* v. *Boker & Co.*, 6 Ct. Cust. Appls. 243, T.D. 35472.

Chief use is a question of fact. This is too well established to require citation of authorities. The nature of the necessary proofs was well stated by our appeals court in *United States* v. *Spreckels Creameries, Inc.,* 17 CCPA 400, T.D. 43835:

It is * * * the established law that classification according to chief use depends upon use by users, *as a whole,* of the particular type of commodity involved and not upon actual individual use of the particular shipment in question. [P. 402; emphasis supplied.]

See, also, the opinion of Judge Ford in *Mohns Commercial Company* v. *United States,* 44 Cust. Ct. 247, C.D. 2183:

* * * There is some indication in the record that the involved merchandise first came into existence in 1955. The record also indicates that this valve, when the weight is not taken into consideration, is a common ordinary staple item handled by all people in the field, having many uses. Assuming, without deciding, that said valves came into existence as a new article of commerce in 1955, the burden

of establishing chief use still rests upon plaintiff. However, the evidence required to establish such use would be limited to such use on or about the date of importation rather than on or about the date of the passage of the tariff act. *United States* v. *Paul G. Downing et al.*, 16 Ct. Cust. Appls. 556, T.D. 43294; *United States* v. *Geo. Wm. Rueff, Inc.*, 41 C.C.P.A. (Customs) 95, C.A.D. 535. [P. 252.]

Plaintiff's case rests on the testimony of two witnesses and two exhibits. Both witnesses were associated with H. D. Hudson Manufacturing Co., the ultimate consignee of the merchandise at bar.

Mr. Frank R. Karpin identified himself as traffic manager of Hudson, and he described the concern as manufacturers and distributors of sprayers and of barn and poultry equipment. He has seen and handled the Hudson products, and he knows how they are distributed. He identified plaintiff's two exhibits as photographs of the articles at bar.

Mr. Donald H. Anderson identified himself as assistant sales manager of power sprayers and dusters for Hudson, a position he has held during the last ten years of his fifteen year employment by that company. He sells and supervises one other salesman. He conducts "service schools" for the merchandise at bar.

Mr. Anderson said that the sprayer-duster, or blower, subject of this suit, has been in use in the United States for about five years. He visited, in 1961, distributors "in most of the States" to introduce the sprayer and promote sales. He described how the sprayer functions.

Mr. Anderson conducts a school once a year for the Hudson sales force, and six or eight times a year for distributors and their sales forces, demonstrating the use and servicing of the sprayer. He has seen the sprayers in operation in Arkansas (to kill weeds in pine forest undergrowth); in Joliet, Illinois, on sweet corn to control ear worm when the ears are ripening; and at Plymouth, Indiana, by H. J. Heinz Company, to spray cucumber plants in the field and the fruit before it goes to the cannery "for fly control, insect control". He knew that the sprayers were sold also in California, Florida and the Carolinas, but he did not say that he has observed their use in any of those States.

Even if the described uses are agricultural uses, the defect in plaintiff's proof is that there is no adequate showing as to the *chief* use of these sprayers, or blowers, in the United States. He testified specifically as to personal knowledge of use in three States. He did not say the frequency of his personal observation there, and he did not testify as to facts from which we could find how extensive it was. As to commercial use elsewhere, and more regularly, his testimony seems not to be based on personal knowledge, as the following excerpt from the record seems to show.

Q. * * * Are the uses which you have described in court today the usual and ordinary uses for this device?—A. As far as I know they are.

Q. Would it be expected that wherever used the uses would be the same as you have described?—A. We expect that, yes; that's our understanding. [R. 17.]

The presumption inherent in the collector's classification is that he found facts which support his classification. There is lacking here positive factual "testimony representative of an adequate geographical cross section of the nation. * * * [W]e are reluctant to disturb the presumption of correctness attaching to the collector's classification in the absence of unequivocal proof successfully contradicting the validity of such classification." *L. Tobert Co., Inc., et al.* v. *United States*, 41 CCPA 161, C.A.D. 544, at pp. 164, 165.

It remains for us to mention *United States* v. *S. S. Perry*, 25 CCPA 282, T.D. 49395, which plaintiff cites. Plaintiff's brief does not mention, but it is a fact that testimony in the *Perry* case showed that California, Oregon and Washington, the States in which proofs established use, were the principal poultry centers in the United States. *Ergo*, use in those States was accepted as chief use in the nation.

Similarly, in *Richard L. Jones* v. *United States*, 58 Cust. Ct. 165, C.D. 2920, testimony as to use in cotton harvesting operations in California, Texas, Louisiana, Mississippi and Alabama, was accepted as chief use in the major cotton producing area of the United States.

Here there is nothing in the record, and we are aware of no common knowledge, that pine forests are predominately in Arkansas, corn production in Joliet, or cucumbers in Plymouth, Indiana.

As our appeals court succinctly stated in *United States* v. *F. W. Woolworth Co.*, 23 CCPA 98, T.D. 47765, "the question of whether 'chief use' has been properly established depends upon the issues and the evidence in each case." (P. 100.)

Finally, plaintiff makes much of the well established principle of tariff law, that a sample is a potent witness. Here we have no sample, but only a photograph of the article with certain descriptive material. Whatever the weight to which such proofs may be entitled, documentary evidence descriptive of an article is not adequate proof as to the fact of chief commercial use throughout the nation.

The protest is overruled. Judgment will be entered for defendant.